IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| ROBERT F. ELISERIO, | * | |
| | * | |
| Plaintiff, | * | No. 4:02-CV-70159 |
| | * | |
| v. | * | |
| | * | STATEMENT OF ISSUES |
| UNITED STEELWORKERS OF | * | AND INSTRUCTIONS |
| AMERICA, LOCAL 310; and STEVE | * | OF THE COURT |
| VONK, | * | |
| Defendants. | * | |

Members of the Jury:

Plaintiff, Robert Eliserio, who is Hispanic, brings

federal law claims against defendant United Steelworkers of

America, Local 310, and brings state law claims against the

defendant union and defendant Steve Vonk.  Plaintiff claims first

that defendants discriminated against him on the basis of his

being Hispanic by subjecting him to a hostile work environment at

his place of work, Bridgestone/Firestone, and second that

defendants retaliated against him for complaining about the

hostile environment.

Defendants deny plaintiff's allegations.  They claim

they did not authorize, encourage, or approve any of the alleged

discriminatory conduct of Bridgestone/Firestone employees who

were also members of the union.  Defendants further claim that

the actions of the union member employees at

Bridgestone/Firestone were directed at plaintiff not because he is Hispanic, but because of his difficulties in getting along with other employees.  Defendants also deny that the incidents about which plaintiff complains were severe or pervasive enough to constitute a hostile work environment.  Finally, defendants claim they took all steps legally required of them under the circumstances.

Several issues are involved in this case.  You will be instructed in respect to all the issues.

The foregoing is simply a brief summary of the parties' claims.  Do not consider this summary as proof of any claim. Decide the facts from the evidence and apply the law that I will give you.  You are now instructed as follows:

INSTRUCTION __1__

The instructions I gave at the beginning of the trial and any during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because <u>all</u> are important.  This is true even though some of those I gave you previously are not repeated here.

These written instructions I am now giving you will be available to you in the jury room.

INSTRUCTION _2_

Neither in these instructions nor in any ruling, action, or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.  I say verdicts rather than verdict because you will return more than one verdict.

INSTRUCTION **3**

The fact that defendant United Steelworkers of America, Local 310, is a union rather than a natural person must not affect your decision.  All parties are equal before the law, and a union and an individual are each entitled to the same fair and conscientious consideration by you.

INSTRUCTION  4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives the witness may have for testifying a certain way, the manner of the witness while testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION __5__

In these instructions you are told that your verdicts will depend on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact.  The party who has the burden of proving a fact must prove it by the greater weight of the evidence.  To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits the party has presented.

INSTRUCTION __6__

A union acts only through its agents, officers, and employees. Any agent, officer, or employee of a union may bind the union by acts and statements made while acting within the scope of the authority delegated to him or her by the union, or within the scope of his or her duties as an agent, officer, or employee of the union.

INSTRUCTION _7_

When Bridgestone/Firestone investigates any type of complaint by one "clock employee" against another "clock employee," both the union and Steve Vonk in his capacity as an agent of the union have a legal duty to fairly represent both in their disciplinary dealings with Bridgestone/Firestone.

INSTRUCTION  **8**

Your verdict must be for plaintiff and against United Steelworkers of America, Local 310, on plaintiff's harassment claim if all five of the following elements have been proved by the greater weight of the evidence:

*First*, plaintiff was subjected to offensive conduct by defendant union or the defendant union instigated, authorized, encouraged, or approved such conduct by others;

*Second*, such conduct was unwelcome to plaintiff;

*Third*, plaintiff being Hispanic was a motivating factor in such conduct;

*Fourth*, such conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find the plaintiff's work environment to be hostile or abusive; and

*Fifth*, at the time such conduct occurred and as a result of such conduct, plaintiff believed his work environment was hostile or abusive.

If any of the above elements has not been proved by the greater weight of the evidence, your verdict on plaintiff's harassment claim must be for the defendant union and you need not proceed further in considering this claim.

INSTRUCTION _9_

In respect to the second element of Instruction _8_,
conduct is "unwelcome" if the plaintiff did not solicit or invite
it, and he regarded the conduct as undesirable or offensive.

INSTRUCTION  _10_

In respect to the fourth element of Instruction  _8_,
in determining whether a reasonable person in the plaintiff's
circumstances would find the plaintiff's work environment to be
hostile or abusive, you must look at all the circumstances.  The
circumstances may include the frequency of the conduct complained
of; its severity; whether it was physically threatening, or
humiliating, or merely offensive; whether it caused economic
damage; whether it unreasonably interfered with the plaintiff's
work performance; whether it discouraged plaintiff from remaining
on the job; and the effect on plaintiff's psychological well-
being.  This list is not exhaustive; it is just some of the
circumstances to be considered by you.

Conduct which amounts to no more than the ordinary
tribulations of the workplace, such as occasional horseplay,
occasional use of abusive language, occasional teasing, or
occasional off-hand comments, or rudeness does not constitute a
hostile or abusive work environment.  A plaintiff must show that
the conduct complained of was sustained and non-trivial, or, in
other words, that it was of such a nature and degree as to amount
to a material change in the terms and conditions of plaintiff's
employment.  You should consider all the incidents in combination
to determine if a reasonable person would have found there was a
hostile or abusive working environment.

INSTRUCTION __11__

Your verdict must be for plaintiff Robert Eliserio and against either defendant United Steelworkers of America, Local 310, or defendant Steve Vonk, or both, on plaintiff's claims of retaliation, if you find, with respect to the defendant you are considering, all of the following elements have been proved by the greater weight of the evidence:

*First*, plaintiff engaged in protected activity, as defined in Instruction __12__;

*Second*, the defendant took action to cause or attempt to cause adverse action against plaintiff; and

*Third*, plaintiff's protected activity was a motivating factor in the decision of the defendant to take such action.

If plaintiff has not proved all of the above elements by the greater weight of the evidence against the defendant you are considering, then your verdict on this issue must be for that defendant and you need not proceed further in considering this claim with respect to that defendant.

INSTRUCTION  _12_

As used in these Instructions, "protected activity" means any conduct opposing or complaining about alleged harassment, discrimination, or retaliation, which the employee reasonably and in good faith believes is unlawful.  The law protects employees against retaliation for good faith complaints even if they fail to prove their complaints.

Protected activity also includes filing a civil rights complaint with the Iowa Civil Rights Commission or filing a lawsuit alleging harassment, discrimination, or retaliation.

INSTRUCTION _13_

In respect to the second element of Instruction __11__, "adverse action" means any action which has significant negative consequences to the employee, in this case plaintiff.  It includes, but is not limited to, such actions as harassment, demotion, a change in duties, constructive discharge, or other actions which adversely affect or undermine the position of the employee.

INSTRUCTION *14*

As used in these Instructions, plaintiff's protected activity or his being Hispanic was a "motivating factor" for a defendant's action if that factor played a part in the defendant's decision to take that action.  Plaintiff's protected activity or being Hispanic, however, need not have been the defendant's only reason.

INSTRUCTION __15__

Plaintiff claims that his resignation from Bridgestone/Firestone constituted a "constructive discharge" from his employment.  You may find plaintiff was constructively discharged if you find he has proved, with respect to the defendant you are considering, all three of the following elements:

*First*, the defendant you are considering made plaintiff's working conditions intolerable;

*Second*, plaintiff's being Hispanic or his protected activity, or both, was a motivating factor in the defendant's actions; and

*Third*, the defendant acted with the intent of forcing plaintiff to quit, or plaintiff's resignation was a reasonably foreseeable result of the defendant's actions.

Working conditions are intolerable if a reasonable person in plaintiff's situation would have deemed resignation the only reasonable alternative.

INSTRUCTION **16**

If you find in favor of plaintiff under Instruction **8** or **11**, then you must award plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of the harassment or retaliation by the defendant you are considering. Plaintiff's claim for damages includes three distinct types of damages and you must consider them separately.

*First*, if you find harassment of or retaliation against plaintiff caused him to resign from Bridgestone/Firestone and you also find that his resignation constituted a constructive discharge as defined for you in Instruction **15**, you must determine the amount of any wages and fringe benefits plaintiff would have earned in his employment with Bridgestone/Firestone if he had not been constructively discharged in August 2002 through the date of your verdicts, *minus* the amount of earnings and benefits that plaintiff received from other employment during that time. This amount of damages is referred to as "back pay."

*Second*, you must determine the amount, if any, of any other damages sustained by plaintiff, such as past and future medical and counseling expenses and emotional distress. You must enter separate amounts for each type of damages in the verdict

form and must not include the same items in more than one
category.

Past medical and counseling expenses are the reasonable
value of necessary doctor charges, counseling services,
prescription medication, and other medical and counseling
services from the date of harm to the present time.  Future
medical and counseling expenses are the present value of
necessary doctor charges, counseling services, and other medical
and counseling services which will be incurred in the future, if
any.

Third, You must determine the amount of damages for any
emotional distress sustained by plaintiff.  Award him the amount
that will fairly and justly compensate him for emotional distress
that you find he sustained as a result of harassment or
retaliation.  Damages for emotional distress include damages for
emotional pain, suffering, mental anguish, humiliation, fear,
apprehension, anxiety, and loss of enjoyment of life.

The amount you assess for these damages cannot be
measured by any exact or mathematical standards.  You must use
your sound judgment based upon an impartial consideration of the
evidence.  Such judgment must not be exercised arbitrarily or out
of passion, sympathy, or prejudice for or against the parties, or
to punish, but must be based on a fair, intelligent,
dispassionate, and impartial consideration of the evidence.  When

2

considering the amount of monetary damages to which plaintiff may be entitled for emotional distress, you should consider the nature, character, and seriousness of the emotional pain he felt, if any.  You must also consider the extent or duration, as any award you make must cover the damages endured by the plaintiff from the beginning of the wrongdoing to the present time.  You should also award damages for future emotional distress if plaintiff has proved that the emotional distress and its consequences can reasonably be expected to continue in the future.

INSTRUCTION  17

Plaintiff has a duty under the law to "mitigate" his damages—that is, to exercise reasonable diligence under the circumstances to minimize his damages.  Therefore, if you find by the greater weight of the evidence that plaintiff failed to seek out or take advantage of an employment opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.   The defendants have the burden of proving by the greater weight of the evidence that plaintiff failed to mitigate his damages.

INSTRUCTION _18_

In addition to the damages mentioned in the other instructions, the law permits the jury under limited circumstances to award a plaintiff punitive damages against the union.

If you find in favor of plaintiff under Instruction _8_ or _11_, then you must decide whether the defendant union acted with malice or with reckless indifference to plaintiff's rights not to be harassed or retaliated against. A defendant acted with malice or reckless indifference if it has been proved by the greater weight of the evidence that the defendant knew that the harassment or retaliation violated the law or the defendant acted with reckless disregard of that law.

If you find that defendant union acted with malice or reckless disregard and did not make a good faith effort to comply with the law, then, in addition to any actual damages to which you find plaintiff entitled, you may, but are not required to, award plaintiff an additional amount of punitive damages if you find it is appropriate to punish the union or to deter the union and others from like conduct in the future. Whether to award plaintiff punitive damages, and the amount of those damages, are matters entirely within your discretion.

You may assess punitive damages against the union or you may decline to impose punitive damages. If you should decide

to award punitive damages, you should consider the following in determining the amount of the punitive damages award: the nature of the defendant's conduct under the totality of the circumstances; the frequency of the defendant's conduct; how reprehensible the defendant's conduct was toward the plaintiff; what amount of damages, in addition to the compensatory damages already awarded, is needed to punish the defendant for its wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future; and whether the amount of punitive damages bears a reasonable relationship to the compensatory damages award.

INSTRUCTION __19__

In conducting your deliberations and returning your
verdicts, there are certain rules you must follow.

*First*, when you go to the jury room, you must select
one of your members as your foreperson.  That person will preside
over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this
case with one another in the jury room.  You should try to reach
agreement if you can do so without violence to individual
judgment, because each verdict must be unanimous.

Each of you must make your own conscientious decision,
but only after you have considered all the evidence, discussed it
fully with your fellow jurors, and listened to the views of your
fellow jurors.

Do not be afraid to change your opinions if the
discussion persuades you that you should.  But do not come to a
decision simply because other jurors think it is right, or simply
to reach verdicts.

*Third*, if you need to communicate with me during your
deliberations, you may send a note to me through the security
officer, signed by your foreperson.  I will respond as soon as
possible either in writing or orally in open court.  Remember
that you should not tell anyone—including me—how your votes

stand numerically.

   *Fourth*, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions.  Each verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdicts should be—that is entirely for you to decide.

   *Finally*, the verdict forms are simply the written notice of the decisions that you reach in this case.  You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and advise the security officer that you have reached your verdicts.

2

INSTRUCTION  *20*

Submitted with these instructions are verdict forms for your use.  You must use Verdict Forms 1 and 2.  Whether you use additional verdict forms depends on your answers in Verdict Forms 1 and 2.  Follow the directions in parentheses regarding whether or not to use each verdict form.

Your foreperson must sign the verdict forms.

When you have reached your verdicts, notify the security officer.

HAROLD D. VIETOR
Senior U.S. District Judge